IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 1:04-cr-00037-MP-AK

BENITA VAZQUEZ BECK,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 167, Motion to Vacate under 28 U.S.C. § 2255,
and Doc. 168, supporting memorandum, by Benita Vazquez Beck.  The Government has filed its
response, Doc. 175, and the time for filing a reply has long since expired without further
argument from Defendant.  This cause is therefore in a posture for decision.  Having carefully
considered the matter, the Court recommends that the motion to vacate be denied.

## BACKGROUND

Defendant was indicted for conspiracy to distribute and to possess with intent to
distribute more than 500 grams of cocaine, possession with intent to distribute more than 500
grams of cocaine, and possession of a firearm in furtherance of a drug trafficking offense.  Doc.
24.  On March 9, 2005, Defendant appeared before the undersigned to enter a change of plea to
the full Indictment.  Docs. 73-78.  According to the Statement of Facts, Defendant "possessed a
firearm, a Lorcin .380 caliber semi automatic.  Her possession was both actual and constructive.

This firearm was possessed in furtherance of the cocaine conspiracy and was seized by law

enforcement officers from the defendant's motel room the day of her arrest...."  Doc. 77.  At the

plea hearing, the Government indicated that it could establish these facts "through eyewitness

testimony, audio tape recordings, photographs, phone records, and...a confession by this

defendant."  Doc. 177 at 15.  The Court questioned Defendant, who admitted that she "[d]id...in

fact, do what the government said [she] did[.]"  *Id.*  She also acknowledged that she understood

"how [her] conduct, as described by [the Government], satisfies the elements of the offenses

charged[.]"  *Id.*  According to the Presentence Report (PSR), Defendant had stolen the cocaine

from her boyfriend, and the co-defendant, Latisha Carter, brought the gun with her to provide

security.  Presentence Report at 5-6.

    In the PSR, the probation officer determined that Defendant was not entitled to an

adjustment for acceptance of responsibility based on her "use and possession of cocaine, while

under pretrial supervision...."  PSR at 7-8.

    Thereafter, Defendant appeared for sentencing.  Defendant's attorney, Tom Edwards,

addressed the Court:

> I certainly disagree with the removal of her three points for acceptance of
> responsibility but I have explained to my client my understanding of this Court's
> position with regard to that issue.  I do object to those three points being removed,
> and that she remains at a Level 26 and she would be at a Level 23 without them,
> which brings her down below the five-year minimum mandatory associated with
> the offense on the trafficking charge.  But without the 5K1, this Court is bound to
> impose the mandatory minimum, and I have explained that to my client.

Doc. 173 at 4.  The Court then sentenced Defendant to 130 months--70 months on the two drug

counts, to run concurrently, followed by 60 months on the firearms count, to run consecutively.

Doc. 143.

*Case No: 1:04-cr-00037-MP-AK*

Defendant did not appeal her sentence, and this motion to vacate followed.  Doc. 167.

On this occasion, Defendant complains that her attorney rendered ineffective assistance when he

failed to object to the firearms charge and that the Court erred in denying her credit for

acceptance of responsibility.

**DISCUSSION**

1.        Ineffective assistance of counsel.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must

demonstrate (1) that his counsel's performance was below an objective and reasonable

professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland v. Washington*,

466 U.S. 668, 686 (1984).  The court may dispose of the claim if a defendant fails to carry his

burden of proof on either the performance or the prejudice prong.  *Id*. at 697.  The court need not

address the adequacy of counsel's performance when a defendant fails to make a sufficient

showing of prejudice.  *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual

support for his contentions that counsel's performance was constitutionally deficient.  *Smith v.

White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).  The court must consider counsel's performance

in light of all of the circumstances at that time and indulge in a strong presumption that counsel's

conduct fell within the wide range of reasonably professional assistance.  *Strickland*, 466 U.S. at

689-90.  To show counsel's performance was unreasonable, a defendant must establish that "no

competent counsel would have taken the action that his counsel did take."  *Grayson v. Thompson*,

257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).  "An ambiguous or silent record is not

sufficient to disprove the strong and continuing presumption...that [counsel] did what he should

have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001).  "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).  There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).  "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16.  "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.  Quite importantly,

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on.  The lawyer's strategy was course A.  And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.  Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.  Additionally, prejudice is established only with a showing that the result of the

proceeding was fundamentally unfair or unreliable.  *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between."  *Chandler*, 218 F.3d at 1313 (11th Cir. 2000).  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted.  *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

As noted, Defendant claims that Mr. Edwards acted ineffectively when he failed "to substantially object to [the] firearm charge."  Doc. 167 at 5.  According to her, she never possessed the firearm in furtherance of a drug trafficking offense, as she "was outside the hotel room" at the time of her arrest (the gun was found under the mattress in her hotel room), even if she had been in the hotel room, the gun was not "easily accessible, and she "was never physically involved in any actual [drug] transactions nor was she physically present during the actual transaction."  Doc. 168 at 4.  In her view, if Mr. Edwards had objected on these grounds, he could "have insured that the courts take into consideration removing the charge and instead given her a gun enhancement," and without the firearms conviction, her sentence would have been less.  *Id*. at 5.

Though Defendant pled guilty to the firearms charge, she now argues that her attorney improperly allowed her to enter that plea when she was not in fact guilty of the charge.  However, based on the facts admitted by her and on the law, Defendant was indeed guilty of the firearms offense, and thus, counsel did not act deficiently in counseling her as he did.  Defendant was indicted for possession of a firearm in furtherance of a drug trafficking offense.  For

purposes of 18 U.S.C. § 924(c), possession may be "actual or constructive, joint or sole." *United States v. Gunn*, 369 F.3d 1229, 1234 (11th Cir. 2004).  For constructive possession, the Government need only show "that the defendant exercised ownership, dominion, or control over the firearm or the [property] concealing the firearm," and the defendant "may be liable for a co-conspirator's possession if possession was reasonably foreseeable." *Id*.  Furthermore, to show that the possession was in furtherance of the drug trafficking crime, the Government must establish "some nexus between the firearm and the drug trafficking offense...." *Id*.

Defendant does not deny knowledge of the firearm or dispute that Carter brought the gun along for protection after Defendant burglarized her ex-boyfriend's home and stole the subject cocaine which she intended to sell.   PSR at 5 & 7.  She also does not dispute that the gun was found in the motel room she was sharing with Carter or that Carter likewise pled guilty to the firearms count in the Indictment.  Docs. 81-83 & 90.  There is thus indisputably a nexus between the firearm and the drug trafficking offenses–the gun was to protect Defendant during the course of the conspiracy to distribute the stolen cocaine–and sufficient evidence of possession–Carter's possession of the firearm was not only "reasonably foreseeable" but was fully known to Defendant, and the gun was in the motel room Defendant shared with Carter--to support the firearms conviction.

2.	Denial of credit for acceptance of responsibility.

Any claim that counsel acted ineffectively in failing to object to the probation officer's determination that Defendant was not entitled to credit for acceptance of responsibility is belied by the record, which plainly shows counsel's objection.  To the extent that Defendant raises a substantive challenge to the denial, it is procedurally defaulted because such a sentencing claim

must be made on direct appeal.  Nevertheless, the claim is meritless.  Under § 3E1.1, if the defendant "clearly demonstrates acceptance of responsibility for [her] offense," she may be entitled to a reduction in offense level.  U.S. Sentencing Guidelines Manual § 3E1.1 (2004).  In determining whether the defendant qualifies for credit for acceptance of responsibility, one of the considerations is "voluntary termination or withdrawal from criminal conduct or associations."  *Id*. at cmt. n.1(b).  While entry of a truthful guilty plea before trial is "significant evidence of acceptance of responsibility," it may be "outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility," and an adjustment after a guilty plea is not a "matter of right."  *Id*. at cmt. n.3.  "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.  For this reason, the determination of the sentencing judge is entitled to great deference on review."  *Id*. at cmt. n.5.

According to the PSR, after being on pretrial release for six months, Defendant tested positive for cocaine use on two occasions.  PSR at 5.  She admitted to one of the positive tests, and a laboratory confirmed the second.  *Id*.  When a defendant tests positive for illicit drug use, she necessarily shows that she has not terminated her involvement in or association with criminal activity, and the Court was plainly within its discretion in declining to find Defendant had fully accepted responsibility for her actions.  *See United States v. Matthews*, 168 F.3d 1234, 1250 (11th Cir. 1999) (defendant's continued use of illegal drugs amounts to continuation of offense for which he was indicted, and thus, court's denial of decrease for acceptance of responsibility was not clearly erroneous).

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion

to vacate, Doc. 167, be **DENIED**.

   **IN CHAMBERS** at Gainesville, Florida, this _**6**_<sup>th</sup> day of September, 2007.


                              _s/ A. KORNBLUM_____
                              **ALLAN KORNBLUM**
                              **UNITED STATES MAGISTRATE JUDGE**



                     **NOTICE TO THE PARTIES**

   **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**