IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    CASE NO. 1:04-cr-00037-MP -AK

BENITA VAZQUEZ BECK,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 189, Motion for Clarification by Benita Vazquez Beck. Ms. Beck clarifies that her earlier motion requested re-sentencing not because of the retroactive application of sentencing guidelines for crack-cocaine offenses, but because of the "except" clause of 18 U.S.C. § 924(c). Even with this clarification, Ms. Beck is not entitled to relief.

Ms. Beck was sentenced on June 30, 2005 to seventy (70) months for trafficking in cocaine, and sixty (60) months consecutive to that term for possessing a firearm while doing so, under 18 U.S.C. § 924(c). Doc. 143. She did not appeal that sentence at the time. Since November 13, 1998, 18 U.S.C. § 924(c)(1)(A) has read: "Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law," those who possess firearms while committing drug trafficking offenses shall be sentenced to additional minimum terms of incarceration to run consecutive to the sentence for the drug trafficking offense. Ms. Beck argues that because her drug trafficking offense carries a longer mandatory minimum sentence than her §924(c) offense, the §924(c) offense need not run

consecutively, such that she was illegally sentenced in 2005.

Ms. Beck argues that this issue may be revisited now because of recent decisions by the United States Court of Appeals for the Sixth Circuit in <u>United States v. Almany</u>, 2010 WL 785648 (6th Cir., May 13, 2010) and by the Second Circuit in <u>United States v. Whitley</u>, 529 F.3d 150 (2nd Cir. 2008). She is incorrect. Because Ms. Beck failed to appeal her sentence within ten days of its issuance, she lost the right to direct appeal of that sentence. In order to attack her sentence collaterally by *habeas corpus*, she would have to show a change in the law as recognized by the Supreme Court of the United States, which the Supreme Court makes retroactive, within one year of her *habeas corpus* petition. 28 U.S.C. § 2255(f)(3).

The Supreme Court has not adopted the reasoning of the Second Circuit in <u>Whitley</u> or the Sixth Circuit in <u>Almany</u>. The Eleventh Circuit has explicitly rejected the Second Circuit's reasoning. <u>United States v. Segarra</u>, 582 F.3d 1269, 1272-73 (11th Cir. 2009). Therefore, Ms. Beck is not currently entitled to relief. Reconsideration of this Court's September 20, 2010 order denying relief, requested in the Motion for Clarification, Doc. 189, is DENIED.

**DONE AND ORDERED** this <u> 28th</u> day of October, 2010

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge
